FRANKLIN W. HUNT, Respondent, v. THE MICHIGAN
SOUTHERN AND NORTHERN INDIANA RAILROAD
COMPANY, Appellants.

*Common Carrier—Presumptive negligence—Shipping Receipt—Evidence.*

Procuring a third party, without examination of the goods, to sign a receipt
declaring the packages to be in good order, furnishes no evidence of the con-
dition of the goods at the time of signing such receipt.

APPEAL from the New York Common Pleas.

The action was for injury by the negligence of the Defendants
to the medical library of the Plaintiff, which was delivered to
them as carriers for transportation.

The books were received by the Defendants, properly boxed, in
perfect order, at Rolling Prairie, Indiana, on the 5th of April, 1854.
In their receipt of that date they stated that they were to forward
them to the Plaintiff at Bergen, New Jersey, without further lia-
bility after railroad or lake shipment, or loss by fire.

The Plaintiff, who is a physician residing in New York, after
his return went to Bergen, from time to time, for the property,
but could get no account of it. At length, some three weeks
after the delivery to the Defendants, he found the boxes at Jersey
City, in the depôt of the New York and Erie Railroad Company.
They were dry and in apparent good order. He paid the freight
and took them home; when, upon opening the boxes, he found
that the contents had been wet, that the books had been soaked
through, and that the injury had occurred so long before that the
bed-clothes boxed with the books were all mildewed. The prop-
erty was damaged to the extent of $150.

The Defendants gave no evidence to exonerate themselves from
the imputation of negligence on their own road, nor to explain
what was done with the boxes during the three days which inter-
vened between their shipment at Rolling Prairie and their deliv-
ery to the next carrier at Toledo. The Appellants introduced
the receipt of the Cleveland and Toledo Company, dated on the

8th of April, covering a large amount of property, in which this was included, and describing the whole as in good order and condition. It did not appear, however, that the goods were examined at all, or that they were in good order in fact. The Marine Court, upon these facts, held that the damage was due to the Defendants' negligence; and the judgment was affirmed on appeal to the New York Common Pleas, the opinion of the Court being delivered by Judge Daly.

*Charles Tracy* for Appellants.

*Wm. W. Miles* for Respondent.

PORTER, J.—There is nothing in the evidence to justify the claim that the property was injured after it passed from the custody of the Defendants. The mildewed condition of the blankets indicated that the goods were drenched at an early stage in their transportation. If the fact was otherwise, the Appellants had the means of proving it. They furnished no explanation of the detention of the property for three days on the way from Rolling Prairie to Toledo, and it is fair to infer that the injury occurred within that period. This inference is not repelled by the circumstance that they procured a third party to sign a receipt, without examination, describing the packages as in good order on their reshipment at Toledo. This simply confirmed the evidence of the Plaintiff, that there was nothing in the exterior appearance of the boxes to indicate the damaged condition of the contents. The question was one of fact. No error of law was committed on the trial, and the Court below was right in affirming the judgment.

All the Judges concurring,

Judgment affirmed.